**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3236-18T4

PETER WADE and SUSAN
DEMPSEY WADE,

     Plaintiffs-Appellants,

v.

JOSEPH DEMPSEY,

     Defendant-Respondent.

_____

Argued January 23, 2020 – Decided June 19, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1355-18.

Jeffrey P. Mongiello argued the cause for appellants (Connell Foley LLP, attorneys; Leo James Hurley, Jr. and Jeffrey P. Mongiello, of counsel and on the briefs).

Leah Anne Brndjar argued the cause for respondent (Goldberg Segalla LLP, attorneys; Leah Anne Brndjar and Henry L. Miller, of counsel and on the brief).

PER CURIAM

Plaintiffs Peter Wade and Susan Dempsey Wade appeal from the February 15, 2019 order of the Law Division dismissing their complaint against defendant Joseph Dempsey for want of personal jurisdiction. We affirm.

I.

We consider the following allegations to be true for purposes of this appeal. Feinberg v. Dep't of Envt'l Prot., 137 N.J. 126, 129 (1994). Plaintiffs are a married couple who reside in New Jersey. Defendant, the brother of Dempsey Wade, resides in California. Kathleen Duffy Dempsey Magee, a resident of Florida, is the mother of defendant and Dempsey Wade.

On April 17, 2017, defendant called Magee while she was at plaintiffs' New Jersey home. During the call, defendant told Magee plaintiffs were involved in a criminal conspiracy to defraud her and were planning to "lock her up" against her will. There is no evidence in the record defendant has any other connection to New Jersey.

Plaintiffs filed a complaint against defendant in the Law Division, alleging defamation and defamation per se based on defendant's statements during the call. Defendant moved to dismiss the complaint for lack of personal jurisdiction.

A-3236-18T4

No party asked for discovery on the motion, and the court took no testimony. When deciding the motion, the trial court assumed: (1) Magee did not "just happen[] to be traveling through" New Jersey at the time of the call; (2) defendant knew Magee was in New Jersey and at plaintiffs' home when he initiated the call; and (3) defendant made the statements about plaintiffs with malice. In an oral opinion, the court concluded that in the circumstances alleged, defendant's single phone call to New Jersey did not constitute sufficient minimum contacts to establish personal jurisdiction in our courts. In addition, the court concluded defendant would not reasonably have anticipated being haled into a New Jersey court based on one call with his mother while she was in the State.[1]

A February 15, 2019 order memorializes the court's decision. This appeal followed.

## II.

Whether a court has personal jurisdiction over a defendant is a question of law and we review the issue de novo. YA Glob. Invs., L.P. v. Cliff, 419 N.J.

---

[1] Defendant also argued the complaint, if taken as true, does not state a cause of action for defamation. Having dismissed the complaint on jurisdictional grounds, the trial court did not address that issue.

Super. 1, 8 (App. Div. 2011) (citing Mastondrea v. Occidental Hotels Mgmt., S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)).

It has long been established that to satisfy the Due Process Clause a nonresident defendant must have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The "primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum State." Bristol-Myers Squibb Co. v. Super. Ct., ___ U.S. ___, 137 S. Ct. 1773, 1779 (2017).

The Supreme Court has "recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Id. at 1779-80. Plaintiffs concede New Jersey does not have general jurisdiction over defendant.

For a state to exercise specific jurisdiction over a nonresident defendant, the underlying lawsuit must "aris[e] out of or relate[] to the defendant's contacts with the forum . . . ." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984)). There must be "an affiliatio[n] between the forum and the underlying

controversy, principally, [an] activity or an occurrence that takes place in the forum State . . . ." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotations omitted) (first alteration in original). The minimum contacts inquiry must focus on "the relationship among the defendant, the forum, and the litigation." Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

Courts must also consider whether a nonresident defendant "purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State," Hanson v. Denckla, 357 U.S. 235, 253 (1958), or "purposefully directed" his conduct into the forum State. Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102, 110 (1987). The need for "purposeful availment ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (holding that the purposeful conduct necessary to establish minimum contacts means a defendant "should reasonably anticipate being haled into court there").

Finally, the exercise of jurisdiction must be reasonable under the circumstances by comporting to notions of "fair play and substantial justice."

Asahi Metal, 480 U.S. at 113; see also Burger King, 471 U.S. at 476-78. A number of factors are relevant to the "fairness" analysis: "the burden on [the] defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in efficient resolution of disputes, and the shared interest of the states in furthering fundamental substantive social policies." Blakey v. Cont'l Airlines, 164 N.J. 38, 69 (2000) (quoting Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106, 125 (1994)).

New Jersey's long-arm statute allows our courts to exercise personal jurisdiction over a non-resident defendant if it is consistent with due process of law. R. 4:4-4. We exercise jurisdiction over nonresident defendants "to the uttermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971). Courts evaluate a defendant's contacts on a case-by-case basis. Waste Mgmt., Inc., 138 N.J. at 122.

Once a plaintiff meets his or her burden in establishing "sufficient minimum contacts . . . the burden shifts to the defendant to show that exercise of jurisdiction would offend traditional notions of fair play and substantial justice . . . ." Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J. Super. 487, 499 (App. Div. 2006) (quotations omitted).

Having carefully reviewed the record in light of the relevant precedents, we agree with the trial court's conclusion defendant's single phone call to his mother while she was in New Jersey was insufficient to establish specific jurisdiction over him. We therefore affirm for the reasons stated in the trial court's oral opinion. We add the following comments.

Our Supreme Court has twice held that the intentional communication of information by a nonresident with knowledge or purpose that it will cause harm in New Jersey is sufficient to establish minimum contacts supporting personal jurisdiction. In Lebel, a New Jersey resident alleged a Florida company defrauded him over the course of multiple phone calls to the State relating to the sale of a boat. 115 N.J. at 320-21. The Court found sufficient minimum contacts, reasoning that "[w]here a defendant knowingly sends into a state a false statement, intending that it should then be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." Id. at 326 (quoting Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1066 (4th Cir. 1982)).

In Blakey, nonresident defendant airline employees made alleged defamatory, retaliatory, and harassing statements about the plaintiff, who commonly flew out of New Jersey, on an inner-company message board

available for viewing in New Jersey. 164 N.J. at 47-53. The posts concerned plaintiff's pending civil rights suit in a New Jersey court involving their employer. Ibid. The Court held that "if defendants' statements [were] capable of a defamatory meaning and were published with knowledge or purpose of causing harm to plaintiff in pursuit of her civil rights within New Jersey, those intentional contacts within the forum would satisfy the minimum contacts requirement of International Shoe." Id. at 69.

We applied those precedents in McCormac, where the nonresident defendants signed a series of false financial statements disseminated in this State that induced our Department of Treasury to purchase and hold stock, the value of which defendants overstated. 387 N.J. Super. at 494-98. Relying on the holdings in Lebel and Blakey, we concluded that the false communications constituted the "intentional communication of information with knowledge or purpose that it will cause harm in this State" and were, therefore sufficient "to establish the requisite minimum contacts" for specific jurisdiction. Id. at 499.

Applied literally, these precedents support the proposition that defendant's intentional transmission of allegedly false information during his call to his mother while she was in New Jersey was sufficient to establish personal jurisdiction in our courts. The circumstances in which defendant made his

statements, however, militate against a finding of specific jurisdiction. Defendant's statements were made outside of a commercial context to a nonresident temporarily present in the State, were not designed to interfere with the exercise of a statutory right or suit pending in this State, and were, in effect, interfamily communications. At best, defendant attempted to manipulate his mother's relationship with his sibling and her spouse. We cannot find on this record that defendant would reasonably have anticipated being haled into a New Jersey court or that exercising jurisdiction over him would comport with fundamental notions of fair play and substantial justice.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3236-18T4